ORIGINAL

FILED IN CHAMBERS
U.S.D.C. Atlanta

MAR – 3 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

JAMES N. HATTEN, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Indictment |
| *v.* | No. **2:20-cr-0014** |
| ROBERT LEWIS BARR, COREY DE ROSE, ANTHONY FRANCIS FAULK | **Under Seal** |

THE GRAND JURY CHARGES THAT:

## COUNT ONE
(Wire Fraud Conspiracy)

1.  Beginning on an unknown date, but at least by on or about July 22, 2017, and continuing through on or about July 24, 2017, in the Northern District of Georgia and elsewhere, defendants ROBERT LEWIS BARR and COREY DE ROSE knowingly and willfully combined, conspired, confederated, agreed, and had a tacit understanding, with each other and others known and unknown to the grand jury, to devise and intend to devise a scheme and artifice to defraud R.M., and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, as well as by omissions of material facts, and for the purpose of executing and attempting to execute such scheme and artifice, did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

## BACKGROUND

2.  At all times relevant to this Indictment:

     a.  ROBERT LEWIS BARR was a resident of Kilbirnie, Scotland.

     b.  COREY DE ROSE was a resident of London, United Kingdom.

     c.  A Subscriber Identity Module or Subscriber Identification Module card ("SIM card") was a circuit used to identify and authenticate subscribers on cellular phones and other devices.

     d.  "SIM swapping" was a tactic in which perpetrators induce cellular phone service providers to transfer cell phone numbers from SIM cards possessed by a victim to a SIM card linked to a device in the perpetrators' possession.

     e.  Cryptocurrencies are digital assets designed to work as a medium of exchange that uses strong cryptography to secure financial transactions, control the creation of additional units, and verify the transfer of assets. Cryptocurrencies are circulated over the Internet as a form of value. Cryptocurrencies use encryption to verify the transfer of funds and are not issued by any government, bank, or company, but rather are generated and controlled through computer software operating via a decentralized, peer-to-peer network.

     f.  Cryptocurrencies are sent to and received from "addresses." An address is somewhat analogous to a bank account number and is represented as a 26-to-35-character-long case-sensitive string of letters and numbers. Each address is controlled through the use of a unique corresponding private key, a cryptographic equivalent of a password or PIN needed to access the address.

2

Only the holder of an address's private key can authorize any transfers of cryptocurrencies from that address to other addresses.

## MANNER AND MEANS OF THE CONSPIRACY

It was part of the conspiracy that:

3.  Defendants ROBERT LEWIS BARR and COREY DE ROSE, and others known and unknown, researched information about victim R.M. to identify his phone number and email, online payment, and cryptocurrency accounts.

4.  After identifying the victim's phone number and target accounts, defendants ROBERT LEWIS BARR and COREY DE ROSE, and others known and unknown, engaged in SIM swapping to transfer victim R.M.'s phone number to a cellular device that the conspirators controlled.

5.  Defendants ROBERT LEWIS BARR and COREY DE ROSE, and others known and unknown, then used R.M.'s phone number to fraudulently gain access to his email and other accounts without authorization. Once they gained access to the victim's accounts, they changed passwords for the accounts to maintain control.

6.  After fraudulently gaining access to R.M.'s accounts, defendants ROBERT LEWIS BARR and COREY DE ROSE, and others known and unknown, located R.M.'s cryptocurrency addresses and private keys for those addresses in R.M.'s compromised accounts.

7.  By using the stolen private key information, defendants ROBERT LEWIS BARR and COREY DE ROSE, and others known and unknown, transferred

cryptocurrency worth approximately $8.5 million belonging to R.M. to cryptocurrency addresses that the conspirators controlled.

All in violation of Title 18, United States Code, Section 1349.

## COUNT TWO
(Wire Fraud)

8. The grand jury re-alleges and incorporates by reference paragraphs 2 through 7 of this Indictment as if fully set forth herein.

9. On or about July 23, 2017, in the Northern District of Georgia and elsewhere, defendants ROBERT LEWIS BARR and COREY DE ROSE, aided and abetted by each other and others known and unknown to the grand jury, having knowingly devised and intending to devise the aforementioned scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, did with intent to defraud cause the transmission by means of wire communication in interstate and foreign commerce of certain writings, signs, signals, pictures, and sounds, that is, online chat messages with a co-conspirator located in the Northern District of Georgia regarding R.M.'s stolen account information, for the purpose of executing and attempting to execute such scheme and artifice to defraud, in violation of Title 18, United States Code, Section 1343 and Section 2.

## COUNT THREE
(Wire Fraud Conspiracy)

10. The grand jury re-alleges and incorporates by reference paragraph 2 of this Indictment as if fully set forth herein.

4

11. On or about May 18, 2017, in the Northern District of Georgia and elsewhere, defendant ROBERT LEWIS BARR knowingly and willfully combined, conspired, confederated, agreed, and had a tacit understanding, with others known and unknown to the grand jury, to devise and intend to devise a scheme and artifice to defraud J.K., and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, as well as by omissions of material facts, and for the purpose of executing and attempting to execute such scheme and artifice, did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

## MANNER AND MEANS OF THE CONSPIRACY

It was part of the conspiracy that:

12. Defendant ROBERT LEWIS BARR, and others known and unknown, researched information about victim J.K. to identify her phone number and email, online storage, and cryptocurrency accounts.

13. After identifying the victim's phone number and target accounts, defendant ROBERT LEWIS BARR, and others known and unknown, engaged in SIM swapping to transfer victim J.K.'s phone number to a cellular device that a co-conspirator located in the Northern District of Georgia controlled.

14. Defendant ROBERT LEWIS BARR, and others known and unknown, then used J.K.'s phone number to fraudulently gain access to her email and other

5

accounts without authorization. Once they gained access to the victim's accounts, they changed passwords for the accounts to maintain control.

15. After fraudulently gaining access to J.K.'s accounts, defendant ROBERT LEWIS BARR, and others known and unknown, located J.K.'s cryptocurrency addresses and private keys for those addresses in J.K.'s compromised accounts.

16. By using the stolen private key information, defendant ROBERT LEWIS BARR, and others known and unknown, transferred cryptocurrency worth more than $600,000 belonging to J.K. to cryptocurrency addresses that the conspirators controlled.

All in violation of Title 18, United States Code, Section 1349.

## COUNT FOUR
(Wire Fraud)

17. The grand jury re-alleges and incorporates by reference paragraphs 2 and 12 through 16 of this Indictment as if fully set forth herein.

18. On or about May 18, 2017, in the Northern District of Georgia and elsewhere, defendant ROBERT LEWIS BARR, aided and abetted by others known and unknown to the grand jury, having knowingly devised and intending to devise the aforementioned scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, did with intent to defraud cause the transmission by means of wire communication in interstate and foreign commerce of certain writings, signs, signals, pictures, and sounds, that is, online chat messages with a co-conspirator located in the Northern District of Georgia

6

regarding J.K.'s stolen account information, for the purpose of executing and attempting to execute such scheme and artifice to defraud, in violation of Title 18, United States Code, Section 1343 and Section 2.

## COUNT FIVE
(Money Laundering Conspiracy)

19. The grand jury re-alleges and incorporates by reference paragraphs 2 through 7 of this Indictment as if fully set forth herein.

20. Beginning on or about July 23, 2017, through on or about July 25, 2017, the defendants, ROBERT LEWIS BARR, COREY DE ROSE, and ANTHONY FRANCIS FAULK, knowingly combined, conspired, confederated, agreed, and had a tacit understanding, with each other and others known and unknown to the grand jury, to commit an offense against the United States, that is:

    a. to knowingly conduct and attempt to conduct, and cause to be conducted, financial transactions affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, as charged in Count Two, knowing that said transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the

7

proceeds of some form of unlawful activity; in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

b.  to knowingly engage and attempt to engage in, and cause the engagement in, monetary transactions affecting interstate and foreign commerce, knowing that such transactions involved criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, as charged in Count Two, in violation of Title 18, United States Code, Section 1957.

## MANNER AND MEANS OF THE CONSPIRACY

It was part of the conspiracy that:

21. The defendants, ROBERT LEWIS BARR, COREY DE ROSE, and ANTHONY FRANCIS FAULK, and others known and unknown to the grand jury, transferred cryptocurrency stolen from victim R.M. to multiple cryptocurrency addresses controlled and used by the co-conspirators in an effort to conceal their identity and the illicit transfer of funds.

22. After funneling the stolen proceeds through multiple cryptocurrency addresses, the defendants, ROBERT LEWIS BARR, COREY DE ROSE, and ANTHONY FRANCIS FAULK, and others known and unknown to the grand jury, divided the proceeds of the theft among cryptocurrency addresses they controlled and used.

8

All in violation of Title 18, United States Code, Section 1956(h).

### COUNT SIX
(Money Laundering Conspiracy)

23. The grand jury re-alleges and incorporates by reference paragraphs 2 and 12 through 16 of this Indictment as if fully set forth herein.

24. Beginning on or about May 18, 2017, through on or about May 22, 2017, defendants ROBERT LEWIS BARR and ANTHONY FRANCIS FAULK knowingly combined, conspired, confederated, agreed, and had a tacit understanding, with each other and others known and unknown to the grand jury, to commit an offense against the United States, that is:

    a. to knowingly conduct and attempt to conduct, and cause to be conducted, financial transactions affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, as charged in Count Four, knowing that said transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity; in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

b. to knowingly engage and attempt to engage in, and cause the engagement in, monetary transactions affecting interstate and foreign commerce, knowing that such transactions involved criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, as charged in Count Four, in violation of Title 18, United States Code, Section 1957.

## MANNER AND MEANS OF THE CONSPIRACY

It was part of the conspiracy that:

25. Defendants ROBERT LEWIS BARR and ANTHONY FRANCIS FAULK, and others known and unknown to the grand jury, transferred cryptocurrency stolen from victim J.K. to multiple cryptocurrency addresses controlled and used by the co-conspirators in an effort to conceal their identity and the illicit transfer of funds.

26. After funneling the stolen proceeds through multiple cryptocurrency addresses, defendants, ROBERT LEWIS BARR and ANTHONY FRANCIS FAULK, and others known and unknown to the grand jury, divided the proceeds of the theft among cryptocurrency addresses they controlled and used.

All in violation of Title 18, United States Code, Section 1956(h).

10

## COUNTS SEVEN THROUGH EIGHT
(Aggravated Identity Theft)

27. The grand jury re-alleges and incorporates by reference paragraphs 2 through 7 and 12 through 16 of this Indictment as if fully set forth herein.

28. On or about each date specified in Column A, in the Northern District of Georgia and elsewhere, the Defendants identified in Column B, aided and abetted by others known and unknown to the Grand Jury, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, that is, the login credentials, name, and phone number of the persons whose initials are specified in Column C, during and in relation to the commission of the felony of wire fraud in violation of Title 18, United States Code, Section 1343, as set forth in the corresponding counts identified in Column D:

|  | A | B | C | D |
|---|---|---|---|---|
| Count | Date | Defendants | Person | Felony Count |
| 7 | 7/23/2017 | ROBERT LEWIS BARR and COREY DE ROSE | R.M. | Count 2 |
| 8 | 5/18/2017 | ROBERT LEWIS BARR | J.K. | Count 4 |

All in violation of Title 18, United States Code, Section 1028A and Section 2.

## FORFEITURE PROVISION

29. Upon conviction of one or more of the offenses alleged in Counts One through Four of this Indictment, the defendants, ROBERT LEWIS BARR and COREY DE ROSE, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section

11

2461(c), any and all property, real or personal, which constitutes or is derived from proceeds traceable to said violations, including, but not limited to, the following:

    a) MONEY JUDGMENT: A sum of money in United States currency, representing the amount of proceeds obtained as a result of the offenses alleged in Counts One through Four of this Indictment;

30.  Upon conviction of one or more of the offenses alleged in Counts Five through Six of this Indictment, the defendants, ROBERT LEWIS BARR, COREY DE ROSE, and ANTHONY FRANCIS FAULK, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, and any property traceable to such property, including, but not limited to, the following:

    a) MONEY JUDGMENT: A sum of money in United States currency, representing the amount of proceeds obtained as a result of the offenses alleged in Counts Five through Six of this Indictment;

31. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a) cannot be located upon the exercise of due diligence;

    b) has been transferred or sold to, or deposited with, a third party;

    c) has been placed beyond the jurisdiction of the court;

    d) has been substantially diminished in value; or

e) has been commingled with other property which cannot be divided
    without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code,
Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1)
and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other
property of said defendants up to the value of the forfeitable property described
above.

A ___TRUE___ BILL

_____
FOREPERSON

BYUNG J. PAK
*United States Attorney*

NATHAN P. KITCHENS
  *Assistant United States Attorney*
Georgia Bar No. 263930
600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181

13